UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| UNITED STATES of AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 6: 05-30-DCR |
| ) | |
| V. ) | |
| ) | |
| MARK EDWARD BAIRD and THOMAS ) | **MEMORANDUM OPINION** |
| EDWARD EFFLER ) | **AND ORDER** |
| ) | |
| Defendants. ) | |
| ) | |

*** *** *** ***

This matter is pending for consideration of the United States' oral motion to disqualify the law firm of Jensen, Cessna, Benge, and Webster from representing Mark Edward Baird and Thomas Edward Effler. Attorney Tom Jensen represents Baird and Attorney Doug Benge represents Effler. For the reasons stated herein, the Court will grant the United States' motion and disqualify the firm of Jensen, Cessna, Benge, and Webster from further representation of the Defendants in this case.

**BACKGROUND**

Both Defendants were allegedly involved in a drug distribution conspiracy in Clay County, Kentucky. The second superceding indictment returned July 8, 2005, contains numerous substantive counts which include charges against Defendant Baird and Effler. In addition, both Defendants are named in forfeiture count which seeks a monetary judgment of $5,000,000.00 against these and other Defendants. Specifically, Counts 2, 3, 7, 8, 9, 10, 12, 14, 15, and 17 allege that Defendants Effler, Baird, and others engaged in a conspiracy to distribute,

and possess with intent to distribute, cocaine during various periods. Count 16 alleges that Effler knowingly possessed, with the intent to distribute, marijuana.

At their arraignment, the Court advised them of the conflict and discussed the procedures for filing a waiver of the conflict. [Record No. 116] Thereafter, both Defendants executed waivers. [Record Nos. 138, 151]

## ANALYSIS

The United States argues that joint representation could: (1) make it more difficult for these Defendants to negotiate and possibly enter into plea agreements because subsequent negotiations will inevitably implicate the other Defendant; (2) allow Baird, as an alleged leader of the conspiracy, to exert control over Effler, who was allegedly lower in the conspiracy; and (3) make it difficult (if not impossible) for Jensen, Cessna, Benge, and Webster to render fair and impartial advice to these clients when deciding whether they should testify, given that one client's testimony could implicate the other. And, although each Defendant has a different attorney, "[a]n attorney's conflicts are ordinarily imputed to his firm based on the presumption that 'associated' attorneys share client confidences." *Hempstead Video, Inc. v. Incorporated Village of Valley Stream*, 409 F.3d 127, 133 (2d Cir. 2005); *accord Harris v. Agrivest Ltd. Partnership II*, 818 F. Supp. 1035, 1040 (E.D. Mich. 1993).

Also, as this Court has recognized with respect to a similar motion to disqualify an earlier-retained attorney, there are concerns about potential sentencing issues, should any Defendant be found guilty. Prior to sentencing proceedings, it may be in a Defendant's best interest to cooperate with the United States in the hope of obtaining some relief via § 5K1.1 of

the United States Sentencing Guidelines. In addition to these factors, investigation conducted by counsel during these criminal actions may yield information helpful to one Defendant, but damaging to the other.

Jensen, Cessna, Benge, and Webster respond by stating that, prior to agreeing to represent both clients, the firm ensured that neither Defendant had ever met or spoken with the other. In addition, neither attorney was aware of the other's representation until several weeks after beginning their representation. The firm claims that "neither Mr. Benge nor Mr. Jensen have been provided with the complete discovery for their clients and are unable to reasonably evaluate whether an actual conflict or a serious potential for conflict exists." [Record No. 187, p. 2]

Having reviewed the evidence from the various hearings and having overseen the wiretap in this case, the Court believes that it is very likely that significant conflicts either have or will develop if the defendants are jointly represented.[1] In light of this evidence, Jensen, Cessna, Benge, and Webster will not be able to effectively represent one Defendant without compromising the interests of the other. Further, the knowledge that is likely possessed by both attorneys at this stage of the proceedings counsels that the best course of action is to have each Defendant obtain a new attorney. In short, Jensen, Cessna, Benge, and Webster will not be

---

[1] Again, the Court recognizes that, in some instances of shared representation may be appropriate, depending upon the facts presented. In those cases, a written waiver, together with oral warnings from the Court, *may* be sufficient to insure proper and adequate representation. However, in multi-tier conspiracies written waivers can be illusory. An individual defendant's ability to make critical decisions may be compromised if he or she is represented by the same attorney who happens to represents other defendants with greater culpability. In such situations, the waiver may be viewed – either correctly or incorrectly – as the proverbial "offer" that a defendant cannot refuse. If the defendant believes he must sign the waiver or face the consequences, it does not matter that the attorney representing both parties has pure motives. A defendant is entitled to zealous representation by an attorney who the defendant believes will not share information with other parties having competing interests and without fear that information he provides in confidence will not be used to his detriment.

allowed to withdraw from the representation of one Defendant while continuing to represent the other.

The Supreme Court has noted that "while the right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment, the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." *Wheat v. United States*, 486 U.S. 153, 159 (1988). Indeed, "a court confronted with and alerted to possible conflicts of interest must take adequate steps to ascertain whether the conflicts warrant separate counsel." *Id*. at 160. Even if all defendants waive their right to be represented by independent counsel, courts must still consider whether joint representation should be permitted because "[f]ederal courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to those who observe them." *Id*. Accordingly, Rule 44(c) of the Federal Rules of Criminal Procedure provides that, "[u]nless it appears that there is good cause to believe no conflict of interest is likely to arise, the court shall take such measures as may be appropriate to protect each defendant's right to counsel."

As noted by the Defendants, the Court advised them of the potential conflict and received waivers from each Defendant. Regardless, "where a court justifiably finds an actual conflict of interest, there can be no doubt that it may decline a proffer of waiver, and insist that defendants be separately represented." *Wheat*, 486 U.S. at 162. As the Supreme Court has recognized, it is difficult for the Court to consider this issue prior to trial:

> [u]nfortunately for all concerned, a district court must pass on the issue whether or not to allow a waiver of a conflict of interest by a criminal defendant not with the wisdom of hindsight after the trial has taken place, but in the murkier pre-trial context when relationships between parties are seen through a glass, darkly. The likelihood and dimensions of nascent conflicts of interest are notoriously hard to predict, even for those thoroughly familiar with criminal trials. It is a rare attorney who will be fortunate enough to learn the entire truth from his own client, much less be fully apprised before trial of what each of the Government's witnesses will say on the stand. A few bits of unforeseen testimony or a single previously unknown or unnoticed document may significantly shift the relationship between multiple defendants. These imponderables are difficult enough for a lawyer to assess, and even more difficult to convey by way of explanation to a criminal defendant untutored in the niceties of legal ethics. Nor is it amiss to observe that the willingness of an attorney to obtain such waivers from his clients may bear an inverse relation to the care with which he conveys all the necessary information to them.
>
> For these reasons we think the district court must be allowed substantial latitude in refusing waivers of conflicts of interest not only in those rare cases where an actual conflict may be demonstrated before trial, but in the more common cases where a potential for conflict exists which may or may not burgeon into an actual conflict as the trial progresses.

*Id*. at 162-63.

At a minimum, this Court believes that a significant potential for conflict exists if these Defendants are represented by the same firm. The problem of dual representation is highlighted by the Defendants' separately-filed responses to the motion: although submitted and signed separately, *the responses are almost carbon-copies of each other and clearly indicate that they were prepared with collaboration*. [Record Nos. 187, 189] The legal argument sections of the responses appear to be identical. Such collaboration belies the claim that a so-called "Chinese Wall" has been instituted between the two attorneys. *See* Black's Law Dictionary 573 (7th ed. 1999). Further, the firm itself acknowledges that it does not yet know whether a conflict exists or might develop in the future. [Record No. 187, p. 2]

**CONCLUSION**

The Court must disqualify the firm of Jensen, Cessna, Benge, and Webster in order to protect the fairness of proceedings and insure that the Defendants are adequately and fairly represented. Accordingly, it is hereby

**ORDERED** that the United States' oral motion to disqualify the law firm of Jensen, Cessna, Benge, and Webster is **GRANTED**. The law firm of Jensen, Cessna, Benge, and Webster – and the attorneys practicing within that firm – are **DISQUALIFIED** as counsel in these proceedings.

This 15th day of July, 2005.

Signed By:
*Danny C. Reeves* DCR
United States District Judge